UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY JANE AYERS,

*Plaintiff*,

v.

AMY BERMAN JACKSON *et al.*,

*Defendants.*

Civil Action No. 21-1226 (RDM)

## MEMORANDUM OPINION

In her complaint, which she styles as a petition for a writ of quo warranto, Plaintiff Betty Ayers asks this Court to order Defendants Judge Amy Berman Jackson, Clerk of Court Angela D. Caesar, and Deputy Clerk Simone Bledsoe to sign and transmit the summonses associated with a separate case, *Ayers v. Wilkinson*, No. 21-cv-551 (D.D.C. Mar. 1, 2021) (Dkt. 1).  Because Judge Jackson has now dismissed that case, *see* Order, *Ayers v. Wilkinson*, No. 21-cv-551 (D.D.C. May 10, 2021) (Dkt. 4), the Court will **DISMISS** this case as moot.

On March 1, 2021, in Case No. 21-cv-551, Plaintiff filed suit against then-Acting Attorney General of the United States Robert M. Wilkinson; Chief Justice of the United States John G. Roberts Jr; Speaker of the House Nancy Pelosi; President Joseph R. Biden, Jr.; Vice President Kamala Harris; and every Member of Congress.  *Id.* at 1.  She alleged that these various government officials were involved in a massive conspiracy involving child rape and blackmail, and she asked the Court to order the military to remove the officials from office.  *Id.*  The Clerk of Court did not issue summonses to the defendants, and Judge Jackson issued an order to show cause why the Court had subject-matter jurisdiction over Plaintiff's claims.  Order to Show Cause, *Ayers v. Wilkinson*, No. 21-cv-551 (D.D.C. April 7, 2021) (Dkt. 2).

On April 30, 2021, Plaintiff filed this separate action against Judge Jackson and the clerks. Dkt. 1. The case was initially assigned to Judge Jackson, but she recused herself, and the case was randomly reassigned to the undersigned. Dkt. 3. In her complaint, Plaintiff "demand[s] that Judge Amy Berman Jackson immediately give to the clerks the summonses currently withheld in her office for Case No[.] 21-cv-00551, and allow clerks to sign them, and to carry out the list of demands, beginning with immediately contacting the two heads of [the] military." Dkt. 1 at 1. She also demanded that the clerks "perform all duties of their job related to this case, including to retrieve the summonses they sent to Judge Amy Berman Jackson instead of signing them, and to immediately sign all summonses and subpoenas and any other papers submitted" by Plaintiff. *Id.* If Judge Jackson and the clerks fail to take these steps, Plaintiff seeks "their immediate resignations and prosecution by [the] military." *Id.* at 2.

Rather than responding to the order to show cause in Case No. 21-cv-551, Plaintiff instead filed what she styled as a motion to dismiss the order to show cause on the ground that the order was unconstitutional. Motion to Dismiss, *Ayers v. Wilkinson*, No. 21-cv-551 (D.D.C. May 5, 2021) (Dkt. 3). On May 10, 2021, Judge Jackson dismissed Plaintiff's complaint in Case No. 21-cv-551 because Plaintiff had failed to demonstrate Article III standing. Order, *Ayers v. Wilkinson*, No. 21-cv-551 (D.D.C. May 10, 2021) (Dkt. 4).

"To invoke federal jurisdiction, a plaintiff must show a personal stake in the outcome of the action," and that personal stake "must be extant at all stages of review, not merely at the time the complaint is filed." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quotation marks and citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike,*

*Inc.*, 568 U.S. 85, 91 (2013) (quotation marks and citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Id.* (quotation marks and citation omitted).

This case is moot. Plaintiff asks the Court to order Judge Jackson and the clerks to issue summonses in Case No. 21-cv-551, but that case has now been dismissed. That dismissal renders moot any dispute about the summonses, the issuance of which would now serve no purpose. To the extent that Plaintiff takes issue with Judge Jackson's final order in Case No. 21-cv-551, the proper venue to challenge that order is the Court of Appeals, not a separate lawsuit against Judge Jackson.

For the foregoing reasons, the Court, acting sua sponte, will **DISMISS** this action. A separate order will issue.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date: May 11, 2021